Mary E. Hicks
vs. } No. 76253.
Harriet E. Kemple, Adm'x.

November 19, 1930.

SUMNER, J. The plaintiff brought suit to recover $948 for domestic services claimed to have been rendered the decedent, Charles Kemple. The jury returned a verdict for the plaintiff in the sum of $750.00.

Defendant has filed her motion for a new trial on the usual grounds. She also offers the affidavit of Wilbur F. Kemple, son of the decedent, attached to which is a receipt for a money order claimed to have been sent to his father referred to in his testimony, which he was unable to produce at the trial.

The decedent, Charles Kemple, was an uncle by marriage of the plaintiff and had been living with her for some eleven years. She claims that she merely furnished him with lodging up to June 1, 1925, but that thereafter she furnished him with room and board, did his mending, fixed his collars, and was companion to him. She says she mentioned no definite amount to Mr. Kemple; that he did not expect to live long and asked her to keep him for the rest of his days, and that he ate three meals a day with her. She asked for 79 weeks' board at $12 a week, although she admits that he was away four weeks of that time. She does not say that she agreed to keep him for the rest of his life or that she would continue to defer payment of his board until after his death. Apparently she could ask for payments at any time.

This Court does not see very much advantage to the decedent under this arrangement.

There is no definite testimony upon which to establish the value of the board which plaintiff gave decedent, if any. It was agreed by the attorneys that a witness, if called, would testify that the board and room were worth $12 a week, but in the absence of such a witness we find no basis upon which to determine what would be a fair remuneration for the services rendered. There is no testimony as to the nature of the food furnished to the decedent and there is evidence to indicate that the room that he occupied in the day time, he being a night watchman, was shared by another at night, and there was a family of seven people occupying "a six room tenement, with three bedrooms, not including one in the attic."

Several witnesses for the defendant testified that plaintiff told them shortly after decedent's death that he owed no bills. This is denied by the plaintiff. The plaintiff's attorney, in his argument, tabulated sums estimated to have been spent by decedent during the period of 18 months when he was living with the plaintiff. This aggregated $1315. Decedent's income of $27.65 a week for the period amounted to $2184. Deducting the $1315 estimated expenditures by decedent and $514, the net amount of his bank deposits during that period, leaves a balance of $355. That would give the decedent $4.50 a week from which to pay for his board and lodging. However,

some of the items on the list are manifestly large; the cost of oil and gasoline, $15 a month, with no deduction for the winter period, and the alleged loans to Wilbur Kemple, which are not fairly proved. These two items represent some $300. Deducting these from the estimated expenditures of the decedent would leave a balance of $655, which would allow decedent $8.30 a week for board, lodging and other expenses, and this would assume that the other items are correct, but of necessity several are pure estimates.

The deposits of the decedent in the savings bank after June 1, 1925, when this arrangement was entered into, did not vary much from those made before. In 1923 he deposited $300; in 1924 he deposited $200; in 1925 he deposited $250 up to June 1st and $214 after that. In 1926 he deposited $400 but withdrew $100, leaving a net deposit of only $300.

The Court was not impressed with the testimony of the plaintiff and her husband. The plaintiff claimed board for a period of four weeks when decedent was admittedly away. Both imputed expenditures to him which seem large for a man of his simple habits and one whom they said was fearing the poorhouse.

The Court feels that the plaintiff has not established her case and accordingly grants the motion of the defendant for a new trial.

For plaintiff: William S. Flynn & Edmund W. Flynn.

For defendant: Comstock & Canning.